# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3680 | **DATE** | 6/1/2004 |
| **CASE TITLE** | Bulk Molding Compounds, Inc. vs. Valeo Sylvania, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Bulk Molding's counsel are ordered to file an appropriate amendment to Complaint ¶2 in this Court's chambers on or before June 15, 2004, to enable this court to ascertain whether subject matter jurisdiction exists. In the absence of such a filing, this Court will be constrained to dismiss the Complaint and this action because of Bulk Molding's failure to carry its burden of affirmatively establishing the requisite federal jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 2 2004 date docketed | 2 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | JX docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 6/1/2004 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 2 2004

BULK MOLDING COMPOUNDS, INC., )
)
        Plaintiff, )
)
v. ) No. 04 C 3680
)
VALEO SYLVANIA, L.L.C., )
)
        Defendant. )

MEMORANDUM ORDER

Bulk Molding Compounds, Inc. ("Bulk Molding") has brought this action against Valeo Sylvania, L.L.C. ("Valeo"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. Because the information provided by Complaint ¶2 is insufficient to establish such jurisdiction, this memorandum order is issued sua sponte to require some further input from Bulk Molding's counsel.

Complaint ¶2 does not commit the all-too-frequent error of equating limited liability companies to corporations, so that their dual citizenship is prescribed by 28 U.S.C. §1332(c)(1).[1] Instead Bulk Molding's counsel has properly sought to adduce the factual information as to the citizenship of Valeo's members, as taught by our Court of Appeals in a series of cases ending with <u>Belleville Catering Co. v. Champaign Market Place, L.L.C.</u>, 350 F.3d 691, 692 (7th Cir. 2003). To that end Bulk Molding cannot

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



of course be faulted for having alleged those facts on information and belief. But what has been advanced in Complaint ¶2 falls short in more than one respect:

   1. One asserted owner of Valeo is said to be "Valeo Group, a multinational auto parts supplier headquartered in Paris, France." But that does not reveal whether Valeo Group is a corporation, in which event Section 1332(c)(1) also calls for the identification of its place of incorporation, or is instead some type of noncorporate entity, in which event the <u>Belleville Catering</u> line of cases requires that all layers of the onion be peeled away by providing the necessary jurisdictional information as to the entity's members.

   2. Osram Sylvania, Inc. is said to be the other owner of Valeo. But if it is a corporation (as its name suggests), Bulk Molding has not identified either facet of its corporate citizenship under Section 1332(c)(1)--and if it is instead a <u>division</u> of Osram GmbH ("Osram")(as Complaint ¶2 alleges), the requisite citizenship information as to Osram is missing.

Under the circumstances Bulk Molding's counsel are ordered to file an appropriate amendment to Complaint ¶2 in this Court's chambers on or before June 15, 2004, to enable this Court to ascertain whether subject matter jurisdiction exists. In the

absence of such a filing, this Court will be constrained to dismiss the Complaint and this action because of Bulk Molding's failure to carry its burden of affirmatively establishing the requisite federal jurisdiction.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: June 1, 2004